**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| YOSUP J. CHOI,<br>  Appellant, | DOCKET NUMBER<br>SF-0752-14-0449-C-1 |
| v. | |
| DEPARTMENT OF THE NAVY,<br>  Agency. | DATE: April 14, 2015 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>A. Brian Henson</u>, Esquire, Decatur, Georgia, for the appellant.

<u>Joshua Roever</u>, China Lake, California, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1 The appellant has filed a petition for review of the initial decision, which denied his petition for enforcement. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, but we MODIFY it to provide the appellant with mixed-case appeal rights. *See Caros v. Department of Homeland Security*, 122 M.S.P.R. 231, ¶ 25 (2015).

¶2  From August 7, 2012, to December 30, 3012, the agency carried the appellant on sick leave based on a request from his physician. Near the end of that period, the agency asked the appellant to submit documentation clearing him to return to duty. MSPB Docket No. SF-0752-14-0430-I-1, Initial Appeal File (IAF), Tab 6 at 78, 108-09, 126.[2] When he did not do so, the agency offered him a fitness-for-duty (FFD) examination to which he agreed.[3] *Id.* at 93-97. The psychologist who examined the appellant determined that he was not fit for duty, as did another psychologist who reviewed the updated documentation. *Id.* at 67-73. As a result, the agency proposed and effected the appellant's removal for having failed the FFD examination. *Id.* at 56-60, 63-66. After filing an equal employment opportunity (EEO) complaint with the agency, *id.* at 47-54, the appellant filed a Board appeal in which he challenged the removal and claimed

[2] MSPB Docket Nos. SF-0752-14-0449-I-1 and SF-0752-14-0430-I-1 were previously joined appeals and one initial decision addressed both matters.

[3] After the appellant's sick leave ran out, he was allowed to use the remainder of his annual leave, and was then placed on leave without pay pending resolution of his employment status.

that the agency constructively suspended him during the period from December 31, 2012, until May 19, 2013, the effective date of his removal, *id.*, Tab 1.

¶3      In an initial decision based on the written record, the administrative judge considered both actions. *Id.*, Tab 22, Initial Decision (ID). He reversed the suspension finding that the appellant reasonably believed that he had to be medically cleared before he could return to duty, that he was, therefore, constructively suspended, and that the period of leave lasted more than 14 days and was imposed without providing him minimum due process. ID at 3-6. The administrative judge ordered the agency to cancel the suspension and retroactively restore the appellant, effective December 31, 2012, until the date of his removal, and to pay him "the appropriate amount of back pay (if any) with interest" in accordance with the Office of Personnel Management (OPM) regulations. ID at 14. The administrative judge sustained the removal, ID at 7-13, but found unsupported the appellant's claims of national origin and disability discrimination and retaliation for protected EEO activity, ID at 10-13. The initial decision became the Board's final decision as to both actions when neither party filed a petition for review.

¶4      In a petition for enforcement, the appellant claimed that the agency was not in compliance with the Board's decision because it had determined that he was not entitled to back pay for the period of the constructive suspension. Compliance Appeal File, Tab 1 at 1-3. The appellant referred to the agency's Disclaimer of Back Pay and Compliance Statement wherein the agency stated that no back pay was owed the appellant because he was not ready, willing, and able to perform his duties during the period in question. *Id.* at 5-11. The appellant argued that there was no medical documentation showing that he should not return to work after December 30, 2012, until the results of his FFD examination, and that it was improper for the agency to deny him back pay when it had denied him due process. *Id.* at 2-3.

¶5        In his initial decision, the administrative judge found that the agency had fully complied with the Board's order, and he denied the appellant's petition for enforcement. *Id.*, Tab 4, Compliance Initial Decision (CID) at 1-4.

¶6        On petition for review, the appellant argues as he did below that, for the period from December 31, 2012, until February 13, 2013, the date of the results of his FFD examination, there was no evidence that he was not ready, willing, and able to return to work, and that, having denied him due process in connection with the constructive suspension, the agency may not rely on an OPM regulation to deny him back pay. Petition for Review, File, Tab 1 at 2-5. The agency has responded to the petition, *id.*, Tab 3, and the appellant has filed a reply, *id.*, Tab 4.

¶7        When an employee has been the victim of an unjustified personnel action, the Board's goal is to place him in the circumstances in which he would have been had the personnel action never occurred. *Kerr v. National Endowment for the Arts*, 726 F.2d 730, 733 (Fed. Cir. 1984). In accordance with that goal, OPM's regulations and the Board's case law provide that an employee is not entitled to back pay for any period during which he was not "ready, willing, and able" to perform his duties due to an incapacitating illness or injury, or for other reasons unrelated to the unjustified personnel action. *King v. Department of the Navy*, 100 M.S.P.R. 116, ¶ 12 (2005), *aff'd*, 167 F. App'x 191 (Fed. Cir. 2006); *accord Davis v. Department of the Navy*, 50 M.S.P.R. 592, 598 (1991) (when the agency presents a "substantial basis" for questioning the appellant's ability to work, it is then incumbent upon the appellant to show that he was ready, willing, and able to work during the relevant period); 5 C.F.R. § 550.805(c).

¶8        The agency bears the initial burden of proving that it has provided the appellant with the appropriate amount of back pay. *King*, 100 M.S.P.R. 116, ¶ 13. However, where the agency produces "concrete and positive evidence, as opposed to a mere theoretical argument," demonstrating that there is some substance to its affirmative defense that the appellant was not ready, willing, and

able to work during all or part of the period for which he claims entitlement to back pay, the burden shifts to the appellant to show otherwise. *Id.*; *Lyle v. Department of the Treasury*, [85 M.S.P.R. 324](#), ¶ 6 (2000).

¶9      Here, the agency's physician notified the agency on August 7, 2012, that the appellant should not go to work until December 30, 2012, because he was suffering from severe depression. IAF, Tab 6 at 126. The agency sought additional medical documentation on December 3, 2012, *id.* at 179, and although the appellant's attorney indicated that he would respond, *id.* at 107, he submitted no documentation. The agency then offered the appellant the option of undergoing an FFD examination, and he agreed. He acknowledged that he was free to also submit medical documentation from his physician, but he did not do so. *Id.* at 97-98. The appellant rescheduled his appointment for the FFD examination several times before it was finally held on February 13, 2013. *Id.* at 69-73, 80-94.

¶10      Under the circumstances, we agree with the administrative judge that the agency had sufficient evidence demonstrating that there was substance to its position that the appellant was not ready, willing and able to work during all or part of the period from December 31, 2012, to February 13, 2013, and that the burden then shifted to the appellant to show otherwise. Because he never responded to the agency's evidence, despite his opportunity to do so, and did not submit any contrary evidence, we also agree with the administrative judge that the appellant provided no evidence that he was ready, willing, and able to work during this period. CID at 2-3.

¶11      In addition, the appellant has provided no support for his claim that the agency's denial of his due process rights in connection with the constructive suspension precludes its denying him back pay. *See Donovan v. U.S. Postal Service*, [101 M.S.P.R. 628](#), ¶¶ 9-11 (2006) (agency established that employee was only entitled to back pay for 1 week of 4 month period of constructive suspension).

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You have the right to request further review of this final decision.

Discrimination Claims: Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC). *See* Title 5 of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)). If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time.

Discrimination and Other Claims: Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate United States district court. *See* 5 U.S.C. § 7703(b)(2). You must file your civil action with

the district court no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.


FOR THE BOARD:                           _____
                                         William D. Spencer
                                         Clerk of the Board

Washington, D.C.