# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

SANDRA R. CORUM,
                Appellant,

      v.

UNITED STATES POSTAL SERVICE,
                Agency.

DOCKET NUMBER
DC-0353-06-0728-C-1

DATE: September 6, 2016

Sandra R. Corum, Manassas, Virginia, pro se.

Jed Charner, Landover, Maryland, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## ORDER[1]

¶1      This matter is before the Board on the appellant's petition for review of the compliance initial decision, which found the agency in compliance with the Board's Opinion and Order that ordered the agency to, among other things, conduct a job search and consider her for any suitable assignments, and pay her back pay, interest, and benefits. For the reasons set forth below, we GRANT the appellant's petition for review. We AFFIRM the compliance initial decision IN PART, finding that the agency proved compliance regarding its calculation of

---

[1] This Order is nonprecedential. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

annual leave, Thrift Savings Plan (TSP) contributions, holiday pay, and interest. We REVERSE the compliance initial decision IN PART, finding that the agency failed to consider a similarly situated employee in calculating the appellant's overtime back pay.

## BACKGROUND

¶2    In an Opinion and Order issued on July 10, 2012, the Board found that the agency arbitrarily and capriciously denied the appellant's request for reinstatement after her partial recovery from a compensable injury. *Corum v. U.S. Postal Service*, 118 M.S.P.R. 288, ¶¶ 19-20 (2012).  The Board ordered the agency to conduct a job search within the local commuting area retroactive to May 11, 2006, and consider the appellant for any suitable assignments. *Id.*, ¶¶ 21-22.  Depending on the results of that search, the Board further ordered the agency to pay the appellant back pay, interest, and benefits. *Id.*, ¶¶ 21, 23; *see Tram v. U.S. Postal Service*, 120 M.S.P.R. 208, ¶¶ 8‑10 (2013) (declining to find that the agency owed an appellant back pay because it established that it conducted a retroactive job search but there was no work available within the appellant's medical restrictions).

¶3    Following the Board's July 10, 2012 decision, the agency offered the appellant, and she accepted, a new position assignment effective May 13, 2013. Compliance File (CF), Tab 16 at 70.  The agency elected not to conduct a retroactive search for work. *Id.* at 5‑6.  Instead, it issued the appellant checks for back pay and interest in February and August 2014.  CF, Tab 16 at 72-104, 108, 110-120, Tab 21 at 70-76.

¶4    The appellant filed a petition for enforcement of the Board's Opinion and Order and alleged that the agency failed to provide her all the back pay and benefits to which she was entitled and explain its compliance actions.  CF, Tab 1 at 1.  The administrative judge ordered the agency to respond in writing to the petition for enforcement by showing proof of compliance, or good cause for

noncompliance or partial compliance. CF, Tab 14 at 1. The agency responded that it was in compliance for the entire back pay period of May 11, 2006, to May 13, 2013. CF, Tab 16 at 9. Specifically, the agency explained that it had paid the appellant back pay, interest, and benefits for the time period of June 23, 2007, to January 11, 2013, and provided supporting evidence. *Id.* at 6, 72-104, 108. The agency acknowledged that it had erroneously omitted the time periods of May 11, 2006, to June 22, 2007, and January 12 to May 13, 2013, from the original checks for back pay and interest that it issued to the appellant in February 2014. *Id.* at 7. However, it explained that it corrected this error with its August 2014 back pay and interest checks and provided supporting evidence. CF, Tab 16 at 7, 110‑21, Tab 21 at 70‑76. The agency also provided an explanation for its overtime calculations. CF, Tab 16 at 7-8, 74-104, 111-20.

¶5      Next, the appellant disputed the agency's calculations of overtime, annual leave, TSP contributions, holiday pay, and interest. CF, Tab 17 at 3-4. Specifically, with regard to overtime, she alleged that the agency failed to consider the overtime hours worked by a retired coworker in the same duty station during the back pay period. *Id.* at 4, 9. The agency responded to her claims, but did not address whether the alleged comparator worked overtime during the back pay period. CF, Tab 21 at 8-14, 29-31. The appellant submitted additional evidence and argument. CF, Tabs 23, 25-29.

¶6      In a compliance initial decision, the administrative judge found that the agency proved its compliance with the Board's Opinion and Order and denied the petition for enforcement. CF, Tab 30, Compliance Initial Decision (CID) at 1, 8. Specifically, she found that the agency provided a clear explanation of its overtime calculations supported by understandable documentary evidence. CID at 7; CF, Tab 21 at 24, 29-31, 46-61. She found that the agency credited the appellant 440 hours of annual leave, which reflected the maximum leave carryover amount in the Employee and Labor Relations Manual (ELM). CID at 7; CF, Tab 21 at 23, 26-27, 34. The administrative judge found that the appellant

elected not to participate retroactively in TSP during the back pay period. CID at 7; CF, Tab 21 at 42. She found that the appellant was paid the hourly holiday work rate for five holidays on which at least one of her comparators worked and that she was paid holiday leave pay for the remainder of the holidays during the back pay period. CID at 7; CF, Tab 21 at 19, 30, 46-61. Finally, the administrative judge found that the agency paid the appellant interest on her back pay in accordance with the ELM. CID at 8; CF, Tab 21 at 63-76.

¶7 The appellant has filed a petition for review in which she challenges only the amount of her restored annual leave and the calculation of her overtime back pay. Compliance Petition for Review (CPFR) File, Tab 1.[2] She has submitted new evidence of her retired coworker's Time and Attendance reports for part of the back pay period to support her claim that the agency failed to consider him as a similarly situated employee in calculating her overtime. *Id.* The agency has filed a response. CPFR File, Tab 5. On review, the Board ordered the agency to address the appellant's new evidence regarding her retired coworker. CPFR File, Tab 6. The agency responded to the order. CPFR File, Tab 8. The appellant replied to the agency's response. CPFR File, Tab 9.

## ANALYSIS

¶8 When the Board finds that an appellant has been the victim of an unjustified or unwarranted personnel action, it orders that she be placed, as nearly as possible, in the situation she would have been in had the personnel action not occurred. *Vaughan v. Department of Agriculture*, 116 M.S.P.R. 319, ¶ 5 (2011); *King v. Department of the Navy*, 100 M.S.P.R. 116, ¶ 12 (2005), *aff'd per curiam*, 167 F. App'x 191 (Fed. Cir. 2006). The agency bears the burden to prove

---

[2] The appellant does not challenge the administrative judge's findings regarding her TSP contributions, holiday pay, and interest. CID at 7‑8. We discern no basis to disturb these findings.

compliance with the Board's order by a preponderance of the evidence.[3] *Vaughan*, 116 M.S.P.R. 319, ¶ 5; 5 C.F.R. § 1201.183(d).  An agency's assertions of compliance must include a clear explanation of its compliance actions supported by documentary evidence.  *Vaughan*, 116 M.S.P.R. 319, ¶ 5.  The appellant may rebut the agency's evidence of compliance by making specific, nonconclusory, and supported assertions of continued noncompliance.  *Id.*

The agency properly restored the appellant's annual leave balance.

¶9    As the administrative judge found, the agency restored the maximum annual leave carryover amount, 440 hours, to the appellant under ELM §§ 436.2.d and 512.321.  CID at 7; CF, Tab 21 at 23, 26-27, 34.  In her petition for review, the appellant asserts that she is entitled to an uncapped amount of annual leave. CPFR File, Tab 1 at 2.

¶10    Although U.S. Postal Service employees who are eligible for veterans' preference are excepted from the maximum carryover amount limitation and may be credited uncapped annual leave, the appellant does not claim she is eligible for veterans' preference.  *See, e.g.*, *Davis v. U.S. Postal Service*, 64 M.S.P.R. 652, 660-61 (1994) (reaffirming the holding that preference-eligible employees of the U.S. Postal Service were entitled to the restoration of an unlimited amount of annual leave under the Back Pay Act); *Hawkins v. U.S. Postal Service*, 56 M.S.P.R. 633, 638-40 (1993) (finding that a preference-eligible employee of the U.S. Postal Service was entitled to the restoration of annual leave in excess of the maximum carryover limit).  Thus, we find that the appellant has failed to rebut the agency's evidence of compliance showing that it restored the maximum amount of annual leave to which she was eligible.

---

[3] A preponderance of the evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue.  5 C.F.R. § 1201.4(q).

**The agency failed to consider the appellant's retired coworker as a similarly situated employee in calculating her overtime back pay.**

¶11    The administrative judge found that the agency established compliance regarding its calculation of the appellant's overtime back pay.  CID at 7; CF, Tab 21 at 46-61.  Specifically, she found that the agency calculated the appellant's overtime by averaging the overtime hours of employees with the same job title who worked at the same duty station and with similar seniority status. CID at 4-5; CF, Tab 21 at 29-30.  The administrative judge relied on the declaration of the agency's Labor Relations Specialist in reaching this conclusion. CID at 5-7; CF, Tab 21 at 29-31.

¶12    At the time of the appellant's retirement based on disability, she held the position of Clerk/Special Delivery Messenger at the Falls Church Post Office. CF, Tab 25 at 3.  The Labor Relations Specialist declared that his search revealed one other employee with the same job title at the Falls Church Post Office in 2006.  CF, Tab 21 at 29.  Therefore, for 2006, the agency paid the appellant overtime back pay for the same number of hours as this comparator.  *Id.*  The Labor Relations Specialist further declared that, beginning in 2007, all the Clerk/Special Delivery Messengers in the appellant's employment area became domiciled at the Dulles Air Mail facility.  *Id.* at 30.  Therefore, for 2007 through 2013, the agency averaged the overtime hours of the two employees at the Dulles facility with the most similar level of seniority to the appellant, using her Enter on Duty Date of September 10, 1982.  *Id.*

¶13    The administrative judge found that there was no evidence that the agency intentionally omitted the appellant's proffered comparator, a retired coworker, from its overtime calculation.  CID at 6.  She further found that, even if the retired coworker was a similarly situated employee, there was no evidence that his omission from the agency's calculation was unreasonable or that his inclusion would have yielded a more generous overtime calculation.  CID at 6-7.

¶14        On review, the appellant submits Time and Attendance reports showing the overtime hours worked by her retired coworker at the Falls Church Post Office during part of the back pay period. CPFR File, Tab 1. She reasserts the argument that the agency erroneously failed to consider the retired coworker as a similarly situated employee in calculating her overtime hours under ELM § 436.41.a(1). *Id.* at 1-2. ELM § 436.41.a(1) mandates that the agency calculate an employee's overtime hours "by averaging the number of hours that other employees of the office with the same employment status were assigned during the back pay period." CF, Tab 21 at 24.

¶15        The agency argues that the Board should not accept the appellant's new evidence on review. CPFR File, Tab 8 at 4, Tab 5 at 11. The appellant explains that she did not submit the evidence below because she had to locate and contact her retired coworker, and he had to obtain the Time and Attendance reports from the agency. CPFR File, Tab 9 at 1. Although the appellant consistently identified her proffered comparator below and requested his records related to overtime from the agency, the agency did not specifically explain why he was not a similarly situated employee for purposes of calculating overtime back pay or provide any of his records. CF, Tabs 3, 17, 23, 25-29.

¶16        The U.S. Court of Appeals for the Federal Circuit remanded a compliance appeal in *Bernard v. Department of Agriculture*, 788 F.3d 1365, 1369‑71 (Fed. Cir. 2015), finding that the appellant was effectively denied the opportunity to engage in discovery because he had no notice from the Board's precedent and regulations that he could do so in an enforcement proceeding without advanced permission from the administrative judge. Following the decision in *Bernard*, the Board amended its regulations by inserting a new provision, 5 C.F.R. § 1201.183(a)(9), to make clear that discovery may be undertaken in enforcement matters. Rules and Regulations, 80 Fed. Reg. 66,787-01 (Oct. 30, 2015). Here, we find that the appellant did not have notice of her right to engage in discovery to obtain the Time and Attendance reports from the agency because the

compliance initial decision was issued on November 6, 2015, shortly after the effective date of the Board's new provision. CID at 1. Therefore, we find that the Time and Attendance reports provide a basis for review because they constitute new evidence that the appellant could not have obtained from the agency despite her due diligence when the record closed. 5 C.F.R. § 1201.115(d).

¶17 In its response, the agency acknowledged that the retired coworker held the Clerk/Special Delivery Messenger position at the Falls Church Post Office during part of the back pay period, from May 11, 2006, to October 25, 2008. CPFR File, Tab 8 at 7. The appellant and her retired coworker entered on duty within 3 years of each other.[4] *Id.* at 10, 12; IAF, Tab 21 at 30. Thus, the agency should have considered the retired coworker as a similarly situated employee because he had the same job title and duty station and similar seniority status as the appellant for part of the back pay period.

¶18 The Board will not nullify the method employed by the agency in calculating overtime back pay in the absence of a showing that the method was unreasonable or unworkable. *Rittgers v. Department of the Army*, 123 M.S.P.R. 31, ¶ 13 (2015). Here, although the agency explained its method of calculation, it did not address why its method omitted the retired coworker as a result of its search for similarly situated employees. CPFR File, Tab 8 at 7. We find that it was unreasonable for the agency to omit the retired coworker from its calculation of the appellant's overtime back pay and that the agency must recalculate it by including his overtime hours. *See, e.g.*, *Rittgers*, 123 M.S.P.R. 31, ¶ 16 (finding that the agency's method of calculating the appellant's overtime back pay was not the one most likely to return him to the status quo ante and ordering the agency to recalculate it); *Brady v. Department of the Navy*, 55 M.S.P.R. 693, 697-98 (1992)

---

[4] Neither below nor on review has the agency indicated the Enter on Duty Date of the comparator previously used to calculate the appellant's overtime back pay for the 2006 period that she would have been employed at the Falls Church Post Office but for the denial of her restoration request.

(same). Therefore, we reverse the compliance initial decision's finding that the agency established compliance regarding its calculation of overtime. CID at 7.

¶19    Because we have found the agency in noncompliance, the agency is being directed to file evidence of compliance with the Clerk of the Board, and the appellant will be afforded the opportunity to respond to that evidence. The appellant's petition for enforcement will be referred to the Board's Office of General Counsel, and, depending on the nature of the submissions, an attorney with the Office of General Counsel may contact the parties to further discuss the compliance process. The parties are required to cooperate with that individual in good faith. Because the purpose of the proceeding is to obtain compliance, when appropriate, an Office of General Counsel attorney or paralegal may engage in ex parte communications to, among other things, better understand the evidence of compliance and any objections to that evidence. Thereafter, the Board will issue a final decision fully addressing the appellant's petition for review of the compliance initial decision[5] and setting forth the appellant's further appeal rights and the right to attorney fees, if applicable.

## ORDER

¶20    We ORDER the agency to submit to the Clerk of the Board within 60 days of the date of this Order satisfactory evidence of compliance. This evidence shall adhere to the requirements set forth in 5 C.F.R. § 1201.183(a)(6)(i), including submission of evidence and a narrative statement of compliance. The agency's submission shall demonstrate that it properly calculated the appellant's overtime back pay according to ELM § 436.41.a(1). The agency must serve all parties with copies of its submission.

¶21    The agency's submission should be filed under the new docket number assigned to this compliance referral matter, **MSPB Docket No. DC-0353-06-**

---

[5] The subsequent decision may incorporate the analysis and findings set forth in this Order.

**0728-X-1**. All subsequent filings should refer to the compliance referral docket number set forth above and should be faxed to (202) 653-7130 or mailed to the following address:

Clerk of the Board
U.S. Merit Systems Protection Board
1615 M Street, N.W.
Washington, D.C. 20419

Submissions also may be made by electronic filing at the Board's e-Appeal site (https://e-appeal.mspb.gov) in accordance with its regulation at 5 C.F.R. § 1201.14.

¶22 The appellant may respond to the agency's evidence of compliance within 20 days of the date of service of the agency's submission. 5 C.F.R. § 1201.183(a)(8). If the appellant does not respond to the agency's evidence of compliance, the Board may assume that she is satisfied with the agency's actions and dismiss the petition for enforcement.

¶23 The agency is reminded that, if it fails to provide adequate evidence of compliance, the responsible agency official and the agency's representative may be required to appear before the General Counsel of the Merit Systems Protection Board to show cause why the Board should not impose sanctions for the agency's noncompliance in this case. 5 C.F.R. § 1201.183(a). The Board's authority to impose sanctions includes the authority to order that the responsible agency official "shall not be entitled to receive payment for service as an employee during any period that the order has not been complied with." 5 U.S.C. § 1204(e)(2)(A).

¶24 This Order does not constitute a final order and therefore is not subject to judicial review under 5 U.S.C. § 7703(a)(1). Upon the Board's final resolution of

the remaining issues in the petition for enforcement, a final order shall be issued, which then shall be subject to judicial review.


FOR THE BOARD:                          _____
                                        Jennifer Everling
                                        Acting Clerk of the Board

Washington, D.C.