NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

05-3362

LAURA V. KING,

Petitioner,

v.

DEPARTMENT OF THE NAVY,

Respondent.

_____

DECIDED:  February 10, 2006

_____

Before LOURIE, GAJARSA, and LINN, <u>Circuit Judges</u>.

PER CURIAM.

Laura V. King ("King") appeals from the final decision of the Merit Systems Protection Board ("Board") denying her petition for enforcement.  The Board determined that the Department of the Navy ("Agency") properly reconstructed its selection process for GS-11 security specialist positions, that the Agency properly decided that any entitlement to back pay would begin on September 10, 2001, and that the Agency properly refused to award King back pay because she was not ready, willing, and able to return to work.  <u>See</u> <u>King v. Dep't of the Navy</u>, SE-0353-01-0054-X-1 (M.S.P.B. Sept. 1, 2005) ("<u>Back Pay Decision</u>"); <u>King v. Dep't of the Navy</u>, SE-0353-01-0054-X-1

(M.S.P.B. May 18, 2005) ("Reconstruction Decision"). Because the Board's decisions are in accordance with law and supported by substantial evidence, we affirm.

## I. BACKGROUND

This appeal arises out a petition for enforcement of a Board decision requiring the Agency to afford King priority consideration for a GS-11 security officer or equivalent position, retroactive to June 7, 2000, and to give King priority for an equivalent position elsewhere in the Agency if King could not be placed in her former commuting area. Reconstruction Decision, slip. op. at 2. See also King v. Dep't of the Navy, SE-0353-01-0054-B-1 (M.S.P.B. Oct. 21, 2002), aff'd, 54 Fed. Appx. 294 (Fed. Cir. 2003). King complained that the Agency had failed to act as directed by the Board. Reconstruction Decision, slip. op. at 2. The Administrative Judge ("AJ") agreed and ordered the Agency to reconstruct selections for GS-11 security specialist positions in the Puget Sound Naval Shipyard commuting area for the period between June 7, 2000 and June 6, 2002; to give King reemployment priority list ("RPL") consideration; to offer King placement in a position to which she was entitled; and to afford King priority for positions Agency-wide if these actions did not result in an offer. Id. at 3. The Agency stated that it complied with the order; King disagreed. Id. The matter went to the full Board. Id.

As to position selection, the Board held that the Agency properly reconstructed its selection process, gave King RPL consideration, and offered King a position as a GS-11 security specialist, effective September 10, 2001 in her commuting area. Id. at 4-5. The Board rejected King's argument that the Office of Personnel Management ("OPM") regulation at 5 C.F.R. § 330.201(a) required the Agency to give King priority

over Department of Defense ("DoD") employees for positions which were available earlier in the period, reasoning that DoD employees were internal candidates over whom King need not have priority under the regulation and that the DoD RPL Guide provided that DoD employees be considered before RPL candidates. Id. at 5-6. The Board also rejected King's argument that 5 C.F.R.§ 301(b) required the Agency to give King priority for positions elsewhere in the Agency, reasoning that the Agency discharged its duty by offering King a position in her commuting area during that period. Id. at 6. Finally, the Board found that the Agency could require that King obtain a security clearance and could preclude her from reporting for duty for failure to complete the SF-86 Questionnaire for National Security Positions ("Questionnaire"). Id. at 7-10.

As to back pay, the Board held that the Agency properly determined that any entitlement to it began on September 10, 2001, because the first GS-11 security specialist or equivalent position that became available during the relevant period and to which King was entitled based on her RPL status was filled on that date. Back Pay Decision, slip. op. at 3-4. The Board reasoned that King was not entitled to back pay as of June 7, 2000, because she was not entitled to a position as of that date. Id. The Board also found that because of King's refusal to complete the Questionnaire and her inability to obtain a security clearance, the Agency properly found that King was not ready, willing, and able to return to work on September 10, 2001. Id. at 4-6. The Board explained that because King's lack of a security clearance was unrelated to the violation of her restoration rights, she was not entitled to back pay. Id. at 6.

King timely appealed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## II. DISCUSSION

### A. Standard of Review

This court must affirm the Board's decision unless it is: (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c); Chase-Baker v. Dep't of Justice, 198 F.3d 843, 845 (Fed. Cir. 1999). The petitioner bears the burden of establishing reversible error in the decision of an agency such as the Board. Harris v. Dep't of Veterans Affairs, 142 F.3d 1463, 1467 (Fed. Cir. 1998).

### B. Analysis

On appeal, King makes three arguments: (1) that the Board's decision is not in accordance with law because the Agency improperly reconstructed its RPL selection process under 5 C.F.R. § 330.201(a) by giving DoD candidates—whom she alleges are in a different agency than the Department of the Navy—priority consideration over an RPL candidate; (2) that the Board's decision is not in accordance with law because the Agency improperly followed the DoD RPL Guide (not 5 C.F.R. § 330.201(a)) and did not consider her for a position until September 10, 2001, and that, accordingly, she is entitled to back pay as of June 7, 2000, the date that the priority consideration period began; and (3) that the Board's finding that she was not ready, willing, and able to work under 5 C.F.R. § 805(c), was unsupported by substantial evidence, because even though she would not check "yes" or "no" in answer to questions on the Questionnaire, she explained her answers in the "continuation" section, completed her application, and

thus was entitled to require the Agency to forward her application to OPM and grant her an interim security clearance.

We affirm the Board's decisions because they are in accordance with law and supported by substantial evidence.

First, we reject King's argument that the Agency improperly reconstructed its RPL selection process by giving DoD candidates priority consideration over King. Under the applicable regulations, "[i]n filling vacancies, the agency must give RPL registrants priority consideration over certain outside job applicants and, if it chooses, also <u>may</u> consider RPL registrants before considering <u>internal</u> candidates." 5 C.F.R.§ 330.201(a) (2005) (emphasis added). Thus, RPL consideration need not take priority over "current, qualified employee[s]" that are "on an <u>agency</u>'s rolls." <u>Id.</u> § 330.205(c)(2) (emphasis added). For purposes of subpart 330, "<u>agency</u> means <u>Executive agency</u> as defined in 5 U.S.C. 105." 5 C.F.R. § 330.201(b). The statute defines "Executive agency" to mean "executive department," 5 U.S.C. § 105, and identifies the DoD, but not the Department of the Navy, as an "executive department," <u>id.</u> § 101. Therefore, for the purposes of the OPM regulation, "agency" means the DoD (not the Department of the Navy) and thus the Agency enjoyed discretion to follow the DoD RPL Guide and to choose DoD candidates ahead of RPL candidates. The Board thus acted in accordance with law in affirming the Agency's decision to exclude positions filled by employees who had been working for DoD from the list of positions for which it was required to give King priority consideration according to the RPL.

Second, we reject King's argument that she is entitled to back pay as of June 7, 2000, the date that the priority consideration period began. The primary basis

for King's challenge to the September 10, 2001 date is tied to her contention that the Agency improperly reconstructed the RPL list by excluding positions that were filled by DoD employees. In other words, King asserts that because she had priority over DoD candidates, she should have been offered a position earlier than September 10, 2001. However, we demonstrated supra that King was not legally entitled to priority over DoD candidates and thus King's argument must fail. King also argues that the Agency's search for positions available prior to September 10, 2001, was too narrow because (i) the Agency erroneously considered the Puget Sound Naval Shipyard as her commuting area and (ii) did not consider King for positions outside the Agency, e.g., elsewhere in the DoD. These arguments are also without merit. The rule is that "[i]f the individual cannot be placed in the former commuting area, he or she is entitled to priority consideration for an equivalent position elsewhere in the agency." 5 C.F.R. § 353.301(b). The Board found that King's commuting area was the Puget Sound Naval Shipyard commuting area. Substantial evidence supports this finding because King's claim arises from a position she once held at the Puget Sound Naval Shipyard. Because the Agency was able to place King in her former commuting area, she is not entitled to priority consideration "elsewhere in the agency." In her commuting area, the first position to which King was entitled was posted on September 10, 2001. The Board acted in accordance with law in affirming the Agency's decision to make this the start date for any back pay that might be owed to King.

Finally, we reject King's argument that the decision to deny her back pay was not supported by substantial evidence and not in accordance with law. King cannot receive back pay for, inter alia, any period during which an employee "was unavailable for the

performance of his or her duties for reasons other than those related to, or caused by, the unjustified or unwarranted personnel action." 5 C.F.R. § 550.805(c). King was required to obtain a security clearance to begin work, but King refused to answer two questions on the requisite Questionnaire. Although King provides many reasons why she could not answer "yes" or "no," the Agency has proffered sufficient evidence to support the finding that King should have answered the questions and then explained her answers in the continuation section of the Questionnaire—*which the Agency had instructed King to do.* The Agency also submitted sufficient evidence to support the finding that without complete answers to each question—which include a "yes" or "no" response for each question requesting such a response—the Agency could not complete in-processing, grant an interim security clearance, forward a security clearance package to OPM for action, and allow her to report for duty. As a result, substantial evidence supports the finding that King was unavailable to perform her duties and that her unavailability was unrelated to the violation of her restoration rights. King spends much of her briefs arguing that she believed that providing a "yes" or "no" answer would constitute submitting a false statement and that she sought to avoid being charged under 18 U.S.C. § 1001. King cites Hathaway v. Department of Justice, 384 F.3d 1342 (Fed. Cir. 2004), as an example of what might happen to an individual who answers questions untruthfully. We agree with King that she must answer the Questionnaire truthfully; however, the Board found that a truthful response would have constituted a "yes" or "no" answer along with an explanation in the continuation section. Substantial evidence supports this finding. See Reconstruction Decision, slip. op. at 13 n.10 ("As observed by the Agency, the appellant could have answered the questions

and then explained on the form the basis for her answer.").  We have considered King's other arguments and find them to be without merit.  The other cases to which King cites are not germane.

For the foregoing reasons, we <u>affirm</u> the decision of the Board.