# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

CRAIG J. EDGIN,
      Appellant,

      v.

UNITED STATES POSTAL SERVICE,
      Agency.

DOCKET NUMBERS
CH-0752-14-0387-I-1
CH-0752-12-0767-C-1

DATE: February 24, 2015

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Craig J. Edgin, Freeland, Michigan, pro se.

Heather L. McDermott, Esquire, Chicago, Illinois, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which affirmed his removal and denied his petition for enforcement.[2]  Generally, we

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

[2]  The administrative judge joined these matters prior to adjudication.  Initial Appeal File (IAF), Tabs 4, 8.  We agree with the administrative judge that joinder was appropriate.  *See* 5 C.F.R. § 1201.36.

grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## DISCUSSION OF ARGUMENTS ON REVIEW

Background

¶2      In a prior Nonprecedential Final Order, the Board reversed the appellant's removal on a *Ward/Stone* due process violation and denied his disability discrimination affirmative defenses. *Edgin v. U.S. Postal Service*, MSPB Docket No. CH-0752-12-0767-I-1, Final Order at 7, 9 (Dec. 30, 2013) (Final Order). Following the Board's final order, the agency again proposed the appellant's removal for failure to pass a qualifying exam for a position which he had been awarded through the agency's job-bidding process, and, after considering the appellant's response, it issued him a letter of decision again imposing his removal. Initial Appeal File (IAF), Tab 13 at 109-11 (letter of decision), 135-36 (notice of proposed removal) of 142. The appellant filed a timely appeal of the second removal action, and the administrative judge joined the removal appeal with a pending petition for enforcement the appellant had filed challenging the

agency's decision not to provide him back pay following the reversal of the first removal action. *See* IAF, Tabs 4, 8.

¶3 The administrative judge issued a new initial decision sustaining the appellant's removal, denying his affirmative defenses of disability discrimination as to the second removal action, and denying his petition for enforcement. IAF, Tab 20, Initial Decision (ID). In her initial decision, the administrative judge found that the agency proved its charge that the appellant failed to pass a qualifying exam and that, pursuant to the terms of the collective bargaining agreement, the appellant was removed from employment based upon this failure. ID at 3. The administrative judge further found that the appellant failed to establish his affirmative defenses of disability discrimination (both disparate treatment and failure to accommodate), and she also denied his petition for enforcement, concluding that the agency complied with the Board's prior order when it returned the appellant to a duty status but did not award him back pay because he was not ready, willing, and able to work following his first removal from employment. ID at 3-4, 7-8.

¶4 The appellant has filed a petition for review arguing that the agency erred in taking the second removal action and that he proved his affirmative defenses of disability discrimination. Petition for Review (PFR) File, Tab 1 at 5. The agency has filed a response in opposition to the petition for review. PFR File, Tab 3.

The appellant's removal is sustained.

¶5 We have reviewed the initial decision and agree with the administrative judge that the agency proved its charge that the appellant failed to pass a mandatory qualifying exam for his position of employment. ID at 3. As the Board explained in its prior final order, due to the closure of the appellant's previous work location, the appellant was afforded the opportunity to bid for a new position of employment at a neighboring facility. *See* Final Order at 2; IAF, Tab 13 at 135 of 142. The appellant successfully bid on a position as a Bulk Mail Technician and was required to pass a qualifying exam for the position or

otherwise be separated from employment pursuant to the terms of the collective bargaining agreement. IAF, Tab 13 at 8, 23-24 of 47. The appellant failed to pass the qualifying exam, and, citing this failure, the agency initiated the appellant's removal. IAF, Tab 13 at 135-36 of 142. We agree with the administrative judge that the agency proved its charge by a preponderance of the evidence and that there exists a nexus between the appellant's failure to pass the qualifying exam and the efficiency of the agency's operational mission. ID at 3; *see Marshall-Carter v. Department of Veterans Affairs*, 94 M.S.P.R. 518, ¶ 13 (2003) (the employee's removal promoted the efficiency of the service upon a showing that she could not perform the core duties of her position), *aff'd*, 122 F. App'x 513 (Fed. Cir. 2005).

¶6        We further agree with the administrative judge that the agency's penalty of removal is within the tolerable limits of reasonableness and should be sustained. When the Board sustains all of an agency's charges, it reviews the agency-imposed penalty only to determine if the agency considered all of the relevant factors and exercised management discretion within tolerable limits of reasonableness. *See Taylor v. Department of Veterans Affairs*, 98 M.S.P.R. 337, ¶ 7 (2005), *aff'd*, 175 F. App'x 335 (Fed. Cir. 2006). We agree that the appellant's removal is within the tolerable limits of reasonableness. ID at 5. The record reflects that the appellant voluntarily bid on a position requiring a qualifying exam and that the agency informed the appellant in advance that he would face separation if he failed to qualify for his new position. IAF, Tab 13 at 23-24 of 47. The appellant, moreover, declined the agency's offer of reassignment after failing the exam, and the deciding official found that the appellant presented no mitigating circumstances warranting a lesser penalty. IAF, Tab 13 at 109-10 of 142, Tab 16 at 23. We find that the agency's judgment did not exceed the tolerable limits of reasonableness, and we SUSTAIN the appellant's removal. *See Taylor*, 98 M.S.P.R. 337, ¶ 7; *Sanders v. U.S. Postal*

*Service*, [32 M.S.P.R. 455](#), 459-60 (1987) (sustaining removal for failure to pass qualifying scheme).

<u>The administrative judge properly rejected the appellant's disability discrimination affirmative defenses.</u>

¶7    We further find that the administrative judge properly rejected the appellant's failure to accommodate and disparate treatment claims as to his second removal.[3]  ID at 3-5.  The record reflects that the agency engaged in the interactive process with the appellant prior to issuing a letter of decision on his proposed removal, including requesting medical information about the nature of his proffered disabilities, and that he failed to provide such information or explain what type of accommodation he needed.[4]  ID at 4-5.  We find, moreover, that the appellant failed to identify a vacant funded position to which he could have been reassigned or provide any other evidence of another accommodation. *See Kohl v. Department of the Army*, [80 M.S.P.R. 678](#), ¶ 5 (1999).  The agency, moreover, made several good faith attempts to interact with the appellant prior to, and after, his removal; we thus find no support for the appellant's failure to accommodate affirmative defense.  *See Miller v. Department of the Army*, [121 M.S.P.R. 189](#), ¶¶ 15, 19 (2014) (finding that the agency engaged in the interactive process in good faith); IAF, Tab 15 at 31, 44, 47, 49 (agency letters to the appellant seeking medical information).

---

[3] To the extent the appellant challenges the agency's actions preceding the second removal action, those claims either were or could have been raised in his prior mixed-case appeal and are not currently before the Board.  *See Navarro v. Office of Personnel Management*, [105 M.S.P.R. 278](#), ¶ 4 (res judicata bars a party from raising a claim that was, or could have been, asserted in a prior proceeding), *aff'd*, 252 F. App'x 316 (Fed. Cir. 2007).

[4] The appellant submitted some medical documentation following the effective date of his removal.  *See* IAF, Tab 13 at 87-105.  We find that this information fails to establish what accommodation, if any, the appellant requested.  *See White v. Department of Veterans Affairs*, [120 M.S.P.R. 405](#), ¶¶ 12-15 (2013).

¶8        We further agree with the administrative judge that the appellant's disparate treatment claim fails for a lack of proof.  ID at 3-4.  The appellant alleged below that another employee who failed to pass a qualifying exam was offered reassignment to another position but that he was not.  *See* IAF, Tab 15 at 10.  The administrative judge found, however, that this employee was not a valid comparator because the appellant was also offered reassignment through a settlement agreement and that he declined the agency's offer.  ID at 3-4; IAF, Tab 16 at 16-17 (comparator settlement), 23 (appellant withdrawal from settlement).  We agree that, based on this evidence, the appellant failed to establish his claim of disability-based disparate treatment and that the agency put forth a legitimate, nondiscriminatory reason for removing the appellant.  *See Hodges v. Department of Justice*, 121 M.S.P.R. 337, ¶ 19 (2014) (where a hearing has been held, the Board will proceed to the ultimate inquiry of whether the appellant established that the reasons for the agency's actions were a pretext for discrimination).

The administrative judge properly denied the appellant's petition for enforcement.

¶9        Lastly, we have reviewed the administrative judge's denial of the appellant's petition for enforcement, and we agree that the agency complied with the Board's prior final order and that the appellant is not entitled to back pay following the reversal of the first removal action.  *See* ID at 6-7.  When the Board finds that an employee has been the victim of an unjustified or unwarranted personnel action, the goal is to place the employee in the circumstances he would have been in, had the personnel action never taken place.  *King v. Department of the Navy*, 100 M.S.P.R. 116, ¶ 12 (2005), *aff'd*, 167 F. App'x 191 (Fed. Cir. 2006).  Pursuant to the Office of Personnel Management's regulations and the Board's case law, an individual is not entitled to back pay for any period of time during which he was not ready, willing, and able to perform his duties because of an incapacitating illness or injury, or for reasons unrelated to or not caused by the unjustified or unwarranted personnel action.  *Id*.; 5 C.F.R. § 550.805(c)(1)-(2).

¶10        Here, the administrative judge found that the appellant was unable to perform the duties of his position because he had failed the qualifying exam for his new position of employment and that his failure was unrelated to the personnel action at issue. ID at 7. We agree that because the appellant failed the qualifying exam prior to his removal, he was unable to perform the duties of his position, and he was not entitled to lost back pay and benefits upon the reversal of his removal. *See King*, 100 M.S.P.R. 116, ¶ 15 (an employee's failure to complete a security clearance precluded the employee from receiving back pay because he was not ready, willing, and able to perform job duties).

## CONCLUSION

¶11        For the aforementioned reasons, the appellant's removal is SUSTAINED, his disability discrimination affirmative defenses are DENIED, and his petition for enforcement is DENIED. This is the Board's final decision in this matter. 5 C.F.R. § 1201.113(b).

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

You have the right to request further review of this final decision.

<u>Discrimination Claims:  Administrative Review</u>

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC). *See* Title 5 of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)). If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time.

Discrimination and Other Claims: Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate United States district court. *See* 5 U.S.C. § 7703(b)(2). You must file your civil action with the district court no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of

prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.


FOR THE BOARD:             _____
                                            William D. Spencer
                                            Clerk of the Board

Washington, D.C.