# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| DEBBIE DOWELL,<br>        Appellant, | DOCKET NUMBER<br>AT-0432-20-0015-X-1 |
|     v. | |
| DEPARTMENT OF THE INTERIOR,<br>        Agency. | DATE: January 25, 2023 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Debbie Dowell</u>, Goodlettsville, Tennessee, pro se.

<u>Jessica L. Kersey</u>, Esquire, Knoxville, Tennessee, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member
Member Limon recused himself and
did not participate in the adjudication of this appeal.

### FINAL ORDER

¶1     In a September 18, 2020 compliance initial decision, the administrative judge found the agency in partial noncompliance with the Board's April 23, 2020

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

final decision reversing the appellant's removal and ordering the agency to retroactively restore her with back pay and benefits. *Dowell v. Department of Interior,* MSPB Docket No. AT-0432-20-0015-I-1, Initial Appeal File, Tab 25, Initial Decision; *Dowell v. Department of Interior*, MSPB Docket No. AT-0432-20-0015-C-1, Compliance File, Tab 4, Compliance Initial Decision (CID). For the reasons that follow, we now find the agency in compliance and DISMISS the appellant's petition for enforcement.

### DISCUSSION OF ARGUMENTS AND EVIDENCE ON COMPLIANCE

¶2        In the compliance initial decision, administrative judge found the agency in partial noncompliance with the Board's final order to the extent it failed to grant the appellant a within-grade-increase (WIGI) effective November 30, 2019, and to include the WIGI in its back pay calculations. CID at 4. Accordingly, the administrative judge granted the appellant's petition for enforcement and ordered the agency to provide her a WIGI as of November 30, 2019, and to recompute her back pay award to include the WIGI. CID at 8. As neither party filed any submission with the Clerk of the Board within the time limit set forth in 5 C.F.R. § 1201.114, the administrative judge's findings of noncompliance have become final, and the appellant's petition for enforcement has been referred to the Board for a final decision on compliance. 5 C.F.R. § 1201.183(b)-(c); *Dowell v. Department of Interior*, MSPB Docket No. AT-0432-20-0015-X-1, Compliance Referral File (CRF), Tab 1.

¶3        In a September 2, 2021 submission, the agency informed the Board that it had complied with the Board's final order by granting the appellant a WIGI effective November 30, 2019, and recomputing her back pay award to include the WIGI. CRF, Tab 3. As evidence of its compliance, the agency provided a December 4, 2020 Standard Form 50 reflecting that the appellant received a WIGI from step 5 to step 6, with an effective date of November 24, 2019. *Id.* at 8. The agency also provided pay audit worksheets reflecting that, as a result of the

WIGI, the appellant was entitled to an additional $95.20 per pay period for 3 pay periods (November 24, 2019, through January 4, 2020) and an additional $98.40 for 23 per pay periods (January 5 through December 5, 2020). *Id.* at 9-17. Finally, the agency provided a leave and earnings statement for the pay period ending December 5, 2020 reflecting that the appellant received a pay adjustment of $2,582.51. *Id.* at 18. The agency explained that this adjustment included the additional back pay owed to the appellant for the retroactive WIGI plus interest. *Id.* at 7. Although the appellant responded to the agency's compliance submission, she did not dispute the agency's assertions of compliance.[2] CRF, Tab 4.

¶4    When the Board finds a personnel action unwarranted, the aim is to place the appellant, as nearly as possible, in the situation she would have been in had the wrongful personnel action not occurred. *Vaughan v. Department of Agriculture*, 116 M.S.P.R. 319, ¶ 5 (2011); *King v. Department of the Navy*, 100 M.S.P.R. 116, ¶ 12 (2005), *aff'd per curiam*, 167 F. App'x 191 (Fed. Cir. 2006). The agency bears the burden to prove compliance with the Board's order by a preponderance of the evidence.[3] *Vaughan*, 116 M.S.P.R. 319, ¶ 5; 5 C.F.R. § 1201.183(d). An agency's assertions of compliance must include a clear explanation of its compliance actions supported by documentary evidence.

---

[2] In response to the agency's submission, the appellant requests a protective order or that the Board allow her access to the documents filed by the agency so that she can redact or delete the documents that contain her birthdate, address, and social security number. CRF, Tab 4. The appellant's request is denied. First, the Board does not allow one party to alter or delete the submissions of another party. Second, with the exception of the Board's decision in this matter, which is available on the Board's website, the case file from this appeal is protected by the Privacy Act of 1974 and is not available to the public through e-Appeal Online or the Board's website. While MSPB's adjudication records may be requested under the Freedom of Information Act (FOIA), all records are reviewed in accordance with the FOIA and may be withheld from release if warranted by a FOIA exemption.

[3] A preponderance of the evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q).

*Vaughan*, [116 M.S.P.R. 319](#), ¶ 5.  The appellant may rebut the agency's evidence of compliance by making specific, nonconclusory, and supported assertions of continued noncompliance.  *Id.*

¶5        As noted above, the administrative judge found that, to be in compliance with the Board's final order, the agency must provide the appellant a WIGI effective November 30, 2019, and recalculate her back pay award to account for the WIGI.  CID at 4.  The agency's submissions show that it has now reached full compliance with this obligation.  CRF, Tab 3.  In particular, as set forth above, the agency provided evidence reflecting that it granted the appellant a WIGI from step 5 to step 6 with an effective date of November 24, 2019, and recomputed her back pay award to account for the retroactive WIGI.  *Id.*  In addition, the agency provided evidence reflecting that it paid her an additional $2,582.51 in back pay to account for the WIGI plus interest.  *Id.*  As the appellant has not responded to the agency's assertions and evidence of compliance, the Board assumes that she is satisfied.  *See Baumgartner v. Department of Housing & Urban Development*, [111 M.S.P.R. 86](#), ¶ 9 (2009).

¶6        In light of the foregoing, we find the agency in compliance with its outstanding compliance obligations and dismiss the petition for enforcement.  This is the final decision of the Merit Systems Protection Board in this compliance proceeding.  Title 5 of the Code of Federal Regulations, section 1201.183(c)(1) ([5 C.F.R. § 1201.183](#)(c)(1)).

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision.  [5 U.S.C. § 7703](#)(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  [5 U.S.C. § 7703](#)(b).

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.

If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the

EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                                    /s/ for
                                        _____
                                        Jennifer Everling
                                        Acting Clerk of the Board
Washington, D.C.