**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

LEO A. CASTILLEJO,
      Appellant,

     v.

UNITED STATES POSTAL SERVICE,
      Agency.

DOCKET NUMBER
SF-0752-18-0816-X-1

DATE: May 9, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Leo A. Castillejo, Hacienda Heights, California, pro se.

Catherine V. Meek, Long Beach, California, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member[2]

## FINAL ORDER

¶1      On November 13, 2019, the administrative judge issued a compliance initial decision finding the agency in partial noncompliance with a June 6, 2019 initial

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

[2] Member Leavitt's name is included in decisions on which the three-member Board completed the voting process prior to his March 1, 2023 departure.

decision reversing the appellant's removal. *Castillejo v. U.S. Postal Service*, MSPB Docket No. SF-0752-18-0816-C-1, Compliance File (CF), Tab 15, Compliance Initial Decision (CID); *Castillejo v. U.S. Postal Service*, MSPB Docket No. SF-0752-18-0816-I-1, Initial Appeal File, Tab 24, Initial Decision (ID). For the reasons discussed below, we now find the agency in compliance and DISMISS the petition for enforcement.

## DISCUSSION OF ARGUMENTS AND EVIDENCE ON COMPLIANCE

¶2　　In the June 6, 2019 initial decision, the administrative judge found that the agency violated the appellant's right to due process by effecting his removal without first affording him notice and an opportunity to respond. ID at 5-6. Accordingly, she reversed the removal without addressing its merits and ordered the agency to cancel the removal, to retroactively restore the appellant effective July 19, 2018, and to provide him the appropriate back pay and benefits. ID at 6, 9. After neither party filed a petition for review, the initial decision became the final decision of the Board on July 11, 2019. ID at 12; *see* 5 C.F.R. § 1201.113.

¶3　　On August 20, 2019, the appellant petitioned for enforcement of the initial decision, asserting that the agency had not yet canceled his removal, restored him to his position, or paid him back pay and benefits. CF, Tab 1 at 4. After allowing the parties an opportunity submit evidence and argument regarding compliance, the administrative judge issued a November 13, 2019 compliance initial decision finding the agency in partial noncompliance with the initial decision. CID. Specifically, although she found the agency in compliance with its obligations to cancel the appellant's removal and retroactively restore him, she found the agency in noncompliance with its obligation to pay him appropriate back pay and benefits because it had not paid him the military leave pay to which he would have been entitled but for the reversed removal. CID at 4. She further found the agency in noncompliance to the extent that it had failed to refund to the

appellant the $973.87 it had collected from him for "overdrawn annual and/or sick leave" caused by the reversed removal. CID at 5. Accordingly, the administrative judge granted the appellant's petition for enforcement and ordered the agency to take the following actions:

(1) Pay the appellant for 120 hours of military leave pay for the fiscal year covered by October 1, 2018 to September 30, 2019;

(2) Pay the appellant $973.87, which was incurred as a "overdrawn annual and/or sick leave related debt" due to his removal and subsequently collected from the appellant; and

(3) Inform the appellant in writing of all actions taken to comply with the Board's Order and the date on which it believes it has fully complied.

CID at 6. Neither party filed a petition for review of the compliance initial decision, and the appellant's petition for enforcement was referred to the Board for a final decision on issues of compliance pursuant to 5 C.F.R. § 1201.183(b)-(c). *Castillejo v. U.S. Postal Service*, MSPB Docket No. SF-0752-18-0816-X-1, Compliance Referral File (CRF), Tab 1.

¶4 In a December 19, 2019 acknowledgment order, the Clerk of the Board directed the agency to submit evidence showing that it had complied with the requirements of the compliance initial decision. CRF, Tab 1 at 3. The Clerk informed the appellant that he could respond to the agency's evidence of compliance within 20 days of the date of service of the agency's submission. *Id.* The Clerk further informed him that, if he did not respond to the agency's evidence of compliance, the Board may assume he was satisfied and dismiss his petition for enforcement. *Id.*

¶5 On December 29, 2019, the agency filed with the Board a notice of compliance indicating that it had achieved full compliance with the Board's orders. CRF, Tab 2 at 3. As evidence, the agency provided a copy of a November 14, 2019 email from the appellant indicating that he had picked up the "recoupment garnished pay" and that a deposit for fiscal year 2019 military pay had posted to his account. *Id.* at 5-6. The appellant also indicated in the email

that he believed the agency had complied with the Board's order and that he intended to file a pleading with the Board confirming the agency's compliance. *Id.* The agency submitted subsequent emails between the appellant and the agency official reflecting that the appellant had been unable to submit the intended pleading confirming compliance and that he consented to the agency filing a copy of his November 14, 2019 email. *Id.* at 4-6. The appellant has not responded to the agency's submission.

¶6 When the Board finds a personnel action unwarranted, the aim is to place the appellant, as nearly as possible, in the situation he would have been in had the wrongful personnel action not occurred. *Vaughan v. Department of Agriculture*, 116 M.S.P.R. 319, ¶ 5 (2011); *King v. Department of the Navy*, 100 M.S.P.R. 116, ¶ 12 (2005), *aff'd per curiam*, 167 F. App'x 191 (Fed. Cir. 2006). The agency bears the burden to prove compliance with the Board's order by a preponderance of the evidence.[3] *Vaughan*, 116 M.S.P.R. 319, ¶ 5; 5 C.F.R. § 1201.183(d). An agency's assertions of compliance must include a clear explanation of its compliance actions supported by documentary evidence. *Vaughan*, 116 M.S.P.R. 319, ¶ 5. The appellant may rebut the agency's evidence of compliance by making specific, nonconclusory, and supported assertions of continued noncompliance. *Id*.

¶7 As set forth above, the agency now contends that it is in compliance with the Board's orders, including the administrative judge's order to pay the appellant military leave pay for the back pay period and to refund to him a collected debt in the amount of $973.87. CRF, Tab 2; CID at 4-6. As evidence of compliance, the agency submitted emails from the appellant reflecting his agreement that the agency has complied with the Board's orders and asserting that he received the

---

[3] A preponderance of the evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q).

ordered military leave pay and refund. CRF, Tab 2 at 4-6. We find that this evidence is sufficient to establish that the appellant is satisfied and that the agency has achieved compliance with the Board's orders.

¶8 In light of the foregoing, we find that the agency is now in compliance and dismiss the petition for enforcement. This is the final decision of the Merit Systems Protection Board in this compliance proceeding. Title 5 of the Code of Federal Regulations, section 1201.183(c)(1) (5 C.F.R. § 1201.183(c)(1)).

### NOTICE TO THE APPELLANT REGARDING YOUR RIGHT TO REQUEST ATTORNEY FEES AND COSTS

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set out at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g). The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203. If you believe you meet these requirements, you must file a motion for attorney fees WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your attorney fees motion with the office that issued the initial decision on your appeal.

### NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.

review within **60 days** of <u>the date of issuance</u> of this decision.  <u>5 U.S.C.</u>
<u>§ 7703</u>(b)(1)(B).

　　If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

　　Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

　　If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                     /s/ for
                                       Jennifer Everling
                                       Acting Clerk of the Board

Washington, D.C.