**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

JESSE L. LANE,
                    Appellant,

          v.

DEPARTMENT OF VETERANS
    AFFAIRS,
                    Agency.

DOCKET NUMBER
CH-0752-17-0530-X-1

DATE: May 18, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Jesse L. Lane</u>, Carbondale, Illinois, pro se.

<u>Gary Levine</u>, Esquire, Hines, Illinois, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member[2]

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

[2] Member Leavitt's name is included in decisions on which the three-member Board completed the voting process prior to his March 1, 2023 departure.

**FINAL ORDER**

¶1    On July 2, 2018, the administrative judge issued a compliance initial decision granting the appellant's petition for enforcement and finding the agency in partial noncompliance with the January 29, 2018 initial decision, which reversed the appellant's removal and ordered him reinstated with back pay and benefits. *Lane v. Department of Veterans Affairs*, MSPB Docket No. CH-0752-17-0530-I-1, Initial Appeal File (IAF), Initial Decision (ID); *Lane v. Department of Veterans Affairs*, MSPB Docket No. CH-0752-17-0530-C-1, Compliance File (CF), Compliance Initial Decision (CID). For the reasons discussed below, we now find the agency in compliance and DISMISS the appellant's petition for enforcement.

**DISCUSSION OF ARGUMENTS AND EVIDENCE ON COMPLIANCE**

¶2    Effective July 27, 2017, the agency removed the appellant from his position as a GS-6 Licensed Practical Nurse on the basis of one charge of patient abuse. IAF, Tab 1 at 7. The appellant timely appealed his removal to the Board. *Id.* at 1-6. In a January 29, 2018 initial decision, the administrative judge reversed the removal and ordered the agency to retroactively restore the appellant to his position effective July 27, 2017, and to pay him all appropriate back pay and benefits. ID at 19-20. After neither party filed a petition for review by March 5, 2018, the initial decision became the final decision of the Board. ID at 22; *see* 5 C.F.R. § 1201.113.

¶3    On May 21, 2018, the appellant filed a petition for enforcement of the initial decision asserting that he had not yet received any back pay. CF, Tab 1. The agency responded with evidence showing that, on February 4, 2018, it canceled the appellant's removal and retroactively restored him effective July 27, 2017. CF, Tab 3 at 5, 10. The agency stated that it had calculated the appropriate amount of back pay and benefits owed to the appellant and that it had submitted the corrected timecards and all documentation required to process the appellant's

back pay and benefits to the Defense Finance and Accounting Service (DFAS) in March 2018. *Id.* at 5-6.

¶4   On June 11, 2018, the appellant responded to the agency's submission, asserting that he had still not received any back pay. CF, Tab 6 at 3. He also stated that, although he returned to work on March 5, 2018, he was restricted from working near a certain patient, despite being cleared of the charge of patient abuse, and felt "harassed and intimidated by coworkers and bosses." *Id.* at 3-4. In addition, he argued that the agency was violating the Back Pay Act by failing to pay him attorney fees. *Id.* at 5.

¶5   In a July 2, 2018 compliance initial decision, the administrative judge found that the agency was in partial noncompliance with the Board's order because the appellant had not yet received the ordered back pay and interest. CID at 4. Although the agency blamed DFAS for the delay in paying the appellant, the administrative judge found that the agency itself was liable for the delay because it had chosen DFAS as its paying agent and had not established good cause for failing to complete the actions ordered by the Board. CID at 5. The administrative judge rejected the appellant's allegations of noncompliance with respect to attorney fees, explaining that the Board's final order did not award attorney fees and that the appellant never filed a motion for attorney fees, despite being notified of his opportunity to do so. *Id.* In addition, the administrative judge found that the appellant's additional claims regarding his treatment at work were outside the scope of the Board's order. CID at 6. She found that the appellant's removal had been canceled and he had been retroactively restored to his position and that the agency was therefore in compliance with that portion of the Board's order. *Id.* In light of these findings, she granted the appellant's petition for enforcement, in part, and again ordered the agency to pay the appellant back pay and interest. *Id.* She further ordered the agency to inform the appellant in writing of all actions taken to reach compliance, including the manner in which it calculated the back pay and interest. *Id.* Neither party filed a

petition for review of the compliance initial decision, and the appellant's petition for enforcement was referred to the Board for a final decision on issues of compliance pursuant to 5 C.F.R. § 1201.183(b)-(c).  *Lane v. Department of Veterans Affairs*, MSPB Docket No. CH-0752-17-0530-X-1, Compliance Referral File (CRF), Tab 1.

¶6　　　In an August 23, 2018 response to the Clerk of the Board's order to submit evidence showing that it had complied with all actions identified in the compliance initial decision, the agency reiterated that it had canceled the appellant's removal, retroactively restored him, and sent the documentation required to process the back pay award to DFAS.  CRF, Tab 2 at 4.  The agency further stated, however, that the payment of back pay to the appellant had been delayed because DFAS had to wait for a letter from the Office of Personnel Management (OPM) stating how much it was required to deduct from the appellant's back pay award for his Federal Employees' Retirement System (FERS) redeposit.  CRF, Tab 2 at 4.  The agency stated that "DFAS should now have all the necessary documentation to finalize the payment of back pay."  *Id.*  The agency did not provide any explanation regarding how the back pay and interest would be calculated.  On September 14, 2018, the appellant responded to the agency's submission, asserting that he had not yet received any back pay.  CRF, Tab 3 at 2-3.

¶7　　　On June 19, 2019, the Clerk of the Board directed the agency to file a detailed narrative explanation setting forth how it calculated the back pay and interest due to the appellant and to file evidence showing that it had paid the appellant those amounts.  CRF, Tab 5.  In response, the agency stated that it had determined that the appellant was entitled to $4,512.14 in gross back pay, which it derived by subtracting the appellant's outside earnings during the back pay period ($17,584.32), the lump sum annual leave payout he received when he was removed ($900.06), and the refunded FERS contributions he received upon his removal ($8,574.84), which the agency repaid to OPM, from the total amount of

gross earnings he would have earned during the back pay period ($31,571.36).[3] CRF, Tab 6 at 4-5, 7-8. The agency further stated that the appellant was entitled to interest on the back pay in the amount of $180.58. *Id.* at 5, 7-8. Accordingly, the agency stated that the appellant was entitled to a total gross back pay award of $4,692.72 ($4,512.14 + $180.58 = $4,692.72). *Id.* at 4-5. The agency provided evidence reflecting that it paid the appellant this gross back pay award minus appropriate deductions on September 21, 2018. *Id.* at 5, 7-8, 12. Because the agency combined the appellant's back pay award with his earnings for the current pay period in the amount of $2,288.38, the leave and earnings statement reflects that he received net pay in the amount of $4,614.79, which is equivalent to the back pay award ($4,692.72) plus current earnings ($2,288.38) minus all appropriate deductions ($2,366.31). *Id.* Despite being notified of his opportunity to do so, CRF, Tab 5 at 2-3, the appellant did not respond to the agency's submissions or dispute its assertions of compliance.

¶8      When the Board finds a personnel action unwarranted, the aim is to place the appellant, as nearly as possible, in the situation he would have been in had the wrongful personnel action not occurred. *Vaughan v. Department of Agriculture*, 116 M.S.P.R. 319, ¶ 5 (2011); *King v. Department of the Navy*, 100 M.S.P.R. 116, ¶ 12 (2005), *aff'd per curiam*, 167 F. App'x 191 (Fed. Cir. 2006). The agency bears the burden to prove compliance with the Board's order by a preponderance of the evidence.[4] *Vaughan*, 116 M.S.P.R. 319, ¶ 5; 5 C.F.R. § 1201.183(d). An

---

[3] In a supplemental response, the agency affirmed that the appellant would have received $31,571.36 in gross earnings during the back pay period and acknowledged that its estimate in a prior submission that he would have earned $32,577.27 during the back pay period was incorrect. CRF, Tab 8 at 4-5; CF, Tab 3 at 14. The agency explained that the difference between the correct amount of $31,571.36 and the estimate of $32,577.27 resulted from calculation errors and adjustments to Sunday and Holiday pay. CRF, Tab 8 at 4-5, 9-20.

[4] A preponderance of the evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q).

agency's assertions of compliance must include a clear explanation of its compliance actions supported by documentary evidence. *Vaughan*, 116 M.S.P.R. 319, ¶ 5. The appellant may rebut the agency's evidence of compliance by making specific, nonconclusory, and supported assertions of continued noncompliance. *Id*.

¶9 As described above, in the compliance initial decision, the administrative judge found that the agency failed to establish that it had complied with its obligation to pay the appellant appropriate back pay with interest for the back pay period. CID. The agency's submissions show that it has now reached full compliance with this obligation. In particular, as set forth above, the agency described how it determined that the appellant was entitled to a total back pay award of $4,692.72 and has provided evidence supporting these calculations and showing that the payment, minus appropriate deductions, has been paid to the appellant. As the appellant has not responded to the agency's assertions and evidence of compliance, the Board assumes that he is satisfied. *See Baumgartner v. Department of Housing and Urban Development*, 111 M.S.P.R. 86, ¶ 9 (2009).

¶10 In light of the foregoing, we find that the agency is now in compliance and dismiss the petition for enforcement. This is the final decision of the Merit Systems Protection Board in this compliance proceeding. Title 5 of the Code of Federal Regulations, section 1201.183(c)(1) (5 C.F.R. § 1201.183(c)(1)).

## NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at

http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case,

and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must receive your petition for

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals

review within **60 days** of <u>the date of issuance</u> of this decision.   5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:              /s/ for
                                        Jennifer Everling
                                        Acting Clerk of the Board

Washington, D.C.