**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| KATHY H. PORTER,<br>           Appellant,<br><br>    v.<br><br>UNITED STATES POSTAL SERVICE,<br>           Agency. | DOCKET NUMBERS<br>CH-0752-17-0010-X-1<br>CH-0752-17-0010-C-1<br><br>DATE: March 20, 2025 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Kathy H. Porter, Rochester, Kentucky, pro se.

Roderick D. Eves, Esquire, and Thao T. Pham, Esquire, St. Louis, Missouri, for the agency.

**BEFORE**

Henry J. Kerner, Vice Chairman
Cathy A. Harris, Member

**FINAL ORDER**

In a February 1, 2024 Order, the Board affirmed an August 2, 2018 compliance initial decision that found the agency in noncompliance with an April 28, 2017 initial decision, which had become the final decision of the Board after neither party filed a petition for review. *Porter v. U.S. Postal Service,*

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

MSPB Docket No. CH-0752-17-0010-I-1, Initial Appeal File, Tab 19, Initial Decision (ID); *Porter v. U.S. Postal Service*, MSPB Docket No. CH-0752-17-0010-C-1, Compliance Petition for Review (CPFR) File, Tab 5. The April 28, 2017 decision found that the appellant's retirement was involuntary and ordered the agency to reverse her separation, to restore her, effective October 1, 2014, and to pay her the appropriate amount of backpay with interest. ID at 2, 14-15. For the reasons that follow, we now find the agency in compliance and DISMISS the appellant's petition for enforcement and petition for review.

## DISCUSSION OF ARGUMENTS AND EVIDENCE ON COMPLIANCE

In its February 1, 2024 Order, the Board found that the agency had not established compliance with its April 28, 2017 decision and affirmed the compliance initial decision findings that: (1) the agency improperly withheld from the appellant's backpay award the amount of her 2014 pay for performance (PFP) award and her union dues; (2) the agency did not pay the appellant the proper amount of interest due because of its improper deduction of the PFP bonus and union dues; and (3) the agency needed to ensure the correct effective date of the appellant's placement in the Part-Time Flexible (PFT) Sales, Service Distribution Associate position was reflected in the appellant's official personnel file (OPF). CPFR File, Tab 5 at 4. Accordingly, given outstanding issues of compliance remained, the Board referred the appellant's petition for enforcement to its Office of General Counsel to obtain compliance. *Id*. at 6.

On September 6, 2018, before the Board issued its February 1, 2024 Order, the agency submitted a statement of compliance asserting that it had paid the appellant the backpay owed, excluding the improper bonus and union dues deductions. *Porter v. U.S. Postal Service*, MSPB Docket No. CH-0752-17-0010-X-1, Compliance Referral File (CRF), Tab 1. As evidence of its compliance, the agency submitted a payment summary showing it had recalculated the backpay

without withholding the bonus and union dues for a total amount of $4,365.24. CRF, Tab 1 at 10. The agency also submitted a copy of a check payment for the recalculated backpay in the amount of $2,924.71, which it represented was the total backpay of $4,365.24 less the $1,440.53 it had previously paid the appellant in 2017. *Id.* at 5, 8, 12. Finally, the agency submitted a Postal Service (PS) Form 50 reflecting that the appellant was placed in the PFT Sales position, effective February 7, 2015.[2] *Id.* at 5, 14. On February 19, 2024, the appellant filed a response to the agency's statement of compliance, disputing receipt of the backpay check in the amount of $2,924.71 and stating that the agency did not provide proof that it had recalculated and paid her the proper amount of interest owed based on the recalculated backpay award. CRF, Tab 5.

On October 2, 2024, the agency filed a supplemental compliance response in which it asserted that it had determined that the backpay check in the amount of $2,924.71 was never negotiated and was automatically cancelled on September 30, 2020, two years after its issuance. CRF, Tab 6 at 6, 55. Thus, the agency asserted that it had re-issued the check for $2,924.71 and submitted evidence that it had mailed the appellant a new check in the amount of $2,986.02, which was delivered on June 28, 2024.[3] *Id.* at 16-21. Regarding interest, the agency submitted evidence that it had issued an additional interest check in the amount of $1,003.31 based on the recalculated backpay award, which was received by the appellant on September 7, 2024.[4] *Id.* at 6, 8-12. As additional evidence, the agency submitted its interest calculations. *Id.* at 13-15. On

---

[2] According to the agency, the appellant was reinstated, effective September 30, 2014, CRF, Tab 6 at 37; but she was placed in the PFT Sales position, effective February 7, 2015, because her prior position had been abolished due to reorganization. *Porter v. U.S. Postal Service*, MSPB Docket No. CH-0752-17-0010-C-1, Compliance File (CF), Tab 3 at 5; CRF, Tab 1 at 14.

[3] The agency did not explain the reason for the difference of $61.31 between the two checks.

[4] The agency had previously paid the appellant $1,738.36 in interest. CF, Tab 3 at 5, 32-39; CF, Tab 15, Compliance Initial Decision at 4; CPFR File, Tab 5 at 2.

February 5, 2025, the Board issued an Order affording the appellant an opportunity to respond to the agency's supplemental compliance response. CRF, Tab 7. The appellant has not filed a response.

## ANALYSIS

When the Board finds a personnel action unwarranted, the aim is to place the appellant, as nearly as possible, in the situation she would have been in had the wrongful personnel action not occurred. *Vaughan v. Department of Agriculture*, 116 M.S.P.R. 319, ¶ 5 (2011); *King v. Department of the Navy*, 100 M.S.P.R. 116, ¶ 12 (2005), *aff'd per curiam*, 167 F. App'x 191 (Fed. Cir. 2006). The agency bears the burden to prove compliance with the Board's order by a preponderance of the evidence.[5] *Vaughan*, 116 M.S.P.R. 319, ¶ 5; 5 C.F.R. § 1201.183(d). An agency's assertions of compliance must include a clear explanation of its compliance actions supported by documentary evidence. *Vaughan*, 116 M.S.P.R. 319, ¶ 5. The appellant may rebut the agency's evidence of compliance by making specific, nonconclusory, and supported assertions of continued noncompliance. *Id.*

As noted, to comply with the Board's final order, the agency was required to provide evidence that it had recalculated the appellant's backpay award to exclude the improper bonus and union dues deductions, recalculated the interest owed to the appellant, and ensured that her OPF reflected the proper effective date of her placement in the PFT Sales, Service Distribution Associate position. The agency's submissions show that it has now reached full compliance. As described above, the agency has provided evidence reflecting that it properly recalculated the backpay amount, less the bonus and union dues, and issued the appellant an additional backpay check. CRF, Tab 6 at 6, 16-21. The agency also recalculated the interest owed on the additional backpay and submitted evidence

---

[5] A preponderance of the evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q).

that it had mailed the appellant an interest check payment of $1,003.31. *Id.* at 6, 8-15. The agency also submitted a PS Form 50 confirming the appellant was placed in the PTF Sales, Service Distribution Associate position, effective February 7, 2015. CRF Tab 1 at 14. As the appellant has not responded to the agency's supplemental statement of compliance, or to the Board's February 5, 2025 Order affording her an opportunity to do so, CRF, Tab 7, the Board assumes that she is satisfied, *see Baumgartner v. Department of Housing & Urban Development*, 111 M.S.P.R. 86, ¶ 9 (2009).

In light of the foregoing, we find the agency in compliance with its outstanding compliance obligations and dismiss the petition for enforcement and the petition for review. This is the final decision of the Merit Systems Protection Board in these compliance proceedings. Title 5 of the Code of Federal Regulations, section 1201.183(c)(1) (5 C.F.R. § 1201.183(c)(1)).

## NOTICE OF APPEAL RIGHTS[6]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

---

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you

were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[7] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:            _____

*Gina K. Grippando*

Gina K. Grippando
Clerk of the Board

Washington, D.C.