# UNITED STATES OF AMERICA
# MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| NEENIE GILMORE,<br>　　　　　　Appellant,<br><br>　　　v.<br><br>DEPARTMENT OF DEFENSE,<br>　　　　　　Agency. | DOCKET NUMBERS<br>PH-0752-20-0388-X-1<br>PH-0752-20-0388-C-1<br><br><br>DATE:  March 28, 2025 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Ralph B. Pinskey</u>, Esquire, Harrisburg, Pennsylvania, for the appellant.

<u>Karen L. Saxton</u>, Esquire, <u>Justin Nell</u>, Esquire, <u>and Melinda Bonish</u>, Esquire, New Cumberland, Pennsylvania, for the agency.

## BEFORE

Henry J. Kerner, Vice Chairman
Cathy A. Harris, Member\*

\*The Board members voted on this decision before March 28, 2025.

## FINAL ORDER

On January 12, 2024, the Board issued an Order finding the agency in noncompliance with the decision in the underlying appeal and granting the appellant's petition for review of the compliance initial decision, which had denied her petition for enforcement.  *Gilmore v. Department of Defense*, MSPB Docket No.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

PH-0752-20-0388-C-1, Compliance Petition for Review (CPFR) File, Tab 5, Order (Jan. 12, 2024) (Order); Compliance File (CF), Tab 25, Compliance Initial Decision (CID); *Gilmore v. Department of Defense*, MSPB Docket No. PH-0752-20-0388-I-1, Initial Appeal File (IAF), Tab 35, Initial Decision (ID). For the reasons discussed below, we now find the agency in compliance and DISMISS the appellant's petition for enforcement and petition for review.

## DISCUSSION OF ARGUMENTS AND EVIDENCE OF COMPLIANCE

The agency's Defense Logistics Agency (DLA) employs the appellant as a WG-5 Distribution Process Worker. IAF, Tab 4 at 13. In late March and early April 2020, the appellant made remarks at her place of work, the DLA's Defense Distribution Center in New Cumberland, Pennsylvania, suggesting she had COVID-19 and could spread the virus to others. IAF, Tab 5 at 14-15; ID at 6-9. On April 14, 2020, the Commanding Colonel for the New Cumberland Defense Distribution Center issued a bar order denying the appellant access based on her COVID-related statements. CF, Tab 1 at 26-27. According to the appellant, as a result of this bar order, the agency placed her on administrative leave on the same day. CF, Tab 22 at 3. The agency has not disputed this assertion.

The agency removed the appellant from her position based on the same comments, effective June 27, 2020. *Id.* The appellant filed an appeal of her removal. IAF, Tab 1 at 2. The administrative judge issued an initial decision finding that the agency proved its charge but that the maximum reasonable penalty was a 15-day suspension. ID at 6-10. He ordered the agency to cancel the removal and substitute a 15-day unpaid suspension in its place, and to pay the appellant back pay and benefits. ID at 10-11. Because neither party filed a petition for review, the initial decision became the final order of the Board on April 21, 2021. ID at 13; *see* 5 C.F.R. § 1201.113(a)-(c) (providing that an initial decision generally becomes the Board's final decision if neither party files a timely petition for review).

Following the initial decision, on May 10, 2021, the agency placed the appellant in the same position, but reassigned her to a different facility due to the bar order. CF, Tab 4 at 15. Specifically, it reassigned her to an installation located in Mechanicsburg, Pennsylvania. *Id.* The agency asserted, and the appellant did not dispute below and has not disputed on review, that the two facilities are within 10 miles of each other. *Id.* at 7. The base pay for the two facilities is the same, but the locality pay for the Mechanicsburg Installation is lower than that for the New Cumberland Defense Distribution Center. CF, Tab 1 at 34. In addition, the union that represents employees in the appellant's position differs between the two facilities. *Id.* The appellant filed a petition for enforcement arguing that, for a variety of reasons, her reassignment to the Mechanicsburg Installation was improper and that she was entitled to back pay representing the difference in locality pay between the two facilities. CF, Tab 1 at 5; Tab 22 at 2, 4-8, 10-11. She argued, in the alternative, that she should have received the promotion she anticipated before her removal. CF, Tab 22 at 11-12.

In the compliance initial decision, the administrative judge found that the Board lacked jurisdiction over the bar order, the appellant's reassignment to the Mechanicsburg Installation, and the difference in locality pay. CID at 3-4. The appellant filed a petition for review, in which she only contested the agency's failure to return her to her position at the New Cumberland Defense Distribution Center. CPFR File, Tab 1.[2] The agency responded to the appellant's petition for review, and the appellant replied. *Id.*, Tabs 3-4.

---

[2] As noted in the compliance initial decision, the Board's regulations provide that, upon a finding of noncompliance, the party found to be in noncompliance must do the following: (i) to the extent that the party decides to take the actions required by the initial decision, the party must submit to the Clerk of the Board, within the time limit for filing a petition for review under 5 C.F.R. § 1201.114(e), a statement that the party has taken the actions identified in the initial decision, along with evidence establishing that the party has taken those actions; and (ii) to the extent that the party decides not to take all of the actions required by the initial decision, the party must file a petition for review under the provisions of 5 C.F.R. §§ 1201.114-.115. 5 C.F.R. § 1201.183(a)(6).

On January 12, 2024, the Board granted the appellant's petition for review of the CID. The Board found that, contrary to the administrative judge's compliance initial decision, it has jurisdiction to determine whether the appellant was returned to the status quo ante when she was reassigned immediately after reinstatement. Order at 5. The Board further found that returning the appellant to a different facility with different union representation and locality pay was not status quo ante relief. *Id.* Further, the Board found that the bar order was not a compelling reason or overriding interest for not returning the appellant to her prior duty station. *Id.* at 5-9. The Board also found that the agency needed to pay the appellant additional back pay representing the difference in pay between the two facilities. In the January 12, 2024 Order, the Board docketed the instant compliance referral matter, *Gilmore v. Department of Defense*, MSPB Docket No. PH-0752-20-0388-X-1, Compliance Referral File (CRF), and ordered the agency to submit satisfactory evidence of compliance to the Clerk of the Board within 60 days of the Order's date. *Id.* at 9-10.

On March 8, 2024, the agency submitted its first response to the Board's January 12, 2024 Order. CRF, Tab 2. In this and additional submissions, the agency asserted that it cancelled the appellant's reassignment to Mechanicsburg, Pennsylvania, and paid the appellant for the difference in locality pay between Mechanicsburg, Pennsylvania, and New Cumberland, Pennsylvania, with interest. *Id.*, Tabs 2, 7. The agency's responses, however, did not include a narrative explaining how the agency calculated the backpay and interest amounts. Nor did they include evidence that the payments were made. Additionally, the appellant filed responses contending, among other things, that the agency's backpay evidence was insufficient. *Id.*, Tab 11.

The Board then ordered the agency to submit additional information to: (1) demonstrate that it paid the appellant the difference between what the appellant was paid for the back pay period and what she would have been paid had she been properly restored to the New Cumberland Defense Distribution Center; and

(2) demonstrate that it has paid the appellant the interest owed to her based on the proper backpay award amount. CRF, Tab 12.

## ANALYSIS

When, as here, the Board finds a personnel action unwarranted, the aim is to place the appellant, as nearly as possible, in the situation he would have been in had the wrongful personnel action not occurred. *Vaughan v. Department of Agriculture*, 116 M.S.P.R. 319, ¶ 5 (2011); *King v. Department of the Navy*, 100 M.S.P.R. 116, ¶ 12 (2005), *aff'd per curiam*, 167 F. App'x 191 (Fed. Cir. 2006). The agency bears the burden to prove compliance with the Board's order by a preponderance of the evidence.[3] *Vaughan*, 116 M.S.P.R. 319, ¶ 5; 5 C.F.R. § 1201.183(d). An agency's assertions of compliance must include a clear explanation of its compliance actions supported by documentary evidence. *Vaughan*, 116 M.S.P.R. 319, ¶ 5. The appellant may rebut the agency's evidence of compliance by making specific, nonconclusory, and supported assertions of continued noncompliance. *Id.*

<u>The agency has demonstrated that it has paid the back pay differential.</u>

We first consider whether the agency has demonstrated that it has paid the appellant the difference between what the appellant was paid for the back pay period and what she would have been paid had she been properly restored to the New Cumberland Defense Distribution Center. On December 12, 2024, the agency provided an explanation of the difference in the back pay between the two installations, and evidence that it paid the appellant that amount. Specifically, the agency produced evidence that it paid the appellant for the difference in locality pay in two installments in the amounts of $2,135.56 and $4,202.54. CRF, Tab 13 at 10, 14, 123, 139. Although appellant raises arguments about relief in her response, she does not specifically dispute the agency's calculations regarding this

---

[3] A preponderance of the evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue. 5 C.F.R. § 1201.4(q).

back pay. CRF, Tab 14. We therefore find that the agency is in compliance with respect to this issue.

<u>The agency has demonstrated that it has paid the requisite amount of interest.</u>

Next, we consider whether the agency has demonstrated that it has paid the appellant the appropriate amount of interest. In its Compliance Report, CRF, Tab 13 at 15-16, the agency details the total interest paid to the appellant, and provides calculations and evidence in support thereof. Although appellant raises arguments about relief in her response, she does not specifically dispute the agency's calculations regarding the interest payments. CRF, Tab 14. We therefore find that the agency is in compliance with respect to this issue.

<u>The Appellant's remaining arguments do not require a different result.</u>

In her response dated December 23, 2024, the appellant raises additional issues regarding her relief. Specifically, she claims that she has not yet been provided complete relief, including interim relief. CRF, Tab 14.

According to the appellant, the agency removed her from employment a second time, effective December 29, 2023, because of "irregular attendance." CRF, Tab 14 at 8. Appellant's counsel complains that the agency did not inform the Board or him of this new removal action. *Id.* Appellant apparently did not appeal this new removal action. The appellant seeks interim relief from the date of her second removal, on or about December 29, 2023, to the present. CRF, Tab 14 at 13. However, the December 29, 2023 removal, or any entitlement to reinstatement (including interim relief) subsequent to that removal, is not a matter before us in this compliance action. Simply put, the appellant is not entitled in this petition for enforcement to interim relief for a second, separate removal, unrelated to the merits of the case out of which the present petition for enforcement arose. Because appellant's December 29, 2023 removal is not the subject of this compliance action or the underlying appeal, such relief is not appropriate to be awarded herein. *See Rothwell v. U.S. Postal Service*, 68 M.S.P.R. 466, 467 (1995)

(an interim relief order does not insulate an appellant from a subsequent adverse action so long as that action is not inconsistent with the initial decision) (citations omitted).

The appellant also claims that the agency did not pay the appellant the differential locality pay for days that she did not work between July 12, 2020 (15 days after her reinstatement), and December 29, 2023. The appellant claims, again, that the interim relief period continued during this time. Again, for the reasons stated above, these matters are beyond the scope of the present proceedings.

In light of the foregoing, we find that the agency is in compliance with its outstanding compliance obligations and dismiss the appellant's petition for enforcement and petition for review. This is the final decision of the Merit Systems Protection Board in these compliance proceedings. Title 5 of the Code of Federal Regulations, section 1201.183(c)(1) (5 C.F.R. § 1201.183(c)(1)).

**NOTICE TO THE APPELLANT REGARDING
YOUR RIGHT TO REQUEST
ATTORNEY FEES AND COSTS**

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set out at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g). The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203. If you believe you meet these requirements, you must file a motion for attorney fees WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your attorney fees motion with the office that issued the initial decision on your appeal.

**NOTICE OF APPEAL RIGHTS[4]**

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court

appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.  The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD:                          _____
                                                        Gina K. Grippando
                                                        Clerk of the Board

Washington, D.C.